IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| DAMON S. EVERETT, | § |
| | § No. 678, 2015 |
| Defendant Below–Appellant, | § |
| | § |
| | § |
| v. | § Court Below—Superior Court |
| | § of the State of Delaware |
| STATE OF DELAWARE, | § |
| | § Cr. ID Nos. 1503013720 |
| Plaintiff Below–Appellee. | § and 1507000384 |
| | § |

Submitted: April 27, 2016
Decided: May 24, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 24th day of May 2016, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1) On September 21, 2015, the defendant-appellant, Damon Everett, pled guilty to one count each of Possession of a Firearm during the Commission of a Felony, Aggravated Menacing, and Noncompliance with Bond. After a presentence investigation, the Superior Court sentenced Everett on November 13, 2015 to a total period of eighteen years at Level V incarceration, to be suspended after serving thirteen years in prison for decreasing levels of supervision. This is Everett's direct appeal.

(2) Everett's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Everett's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Everett's attorney informed him of the provisions of Rule 26(c) and provided Everett with a copy of the motion to withdraw and the accompanying brief. Everett also was informed of his right to supplement his attorney's presentation. Everett did not file any points for this Court's consideration. The State has responded to the position taken by Everett's counsel and has moved to affirm the Superior Court's judgment.

(3) This Court's review of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (i) we must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) we must conduct our own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(4) The Court has reviewed the record carefully and has concluded that Everett's appeal is wholly without merit and devoid of any arguably

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

2

appealable issue. We also are satisfied that Everett's counsel has made a conscientious effort to examine the record and the law and has properly determined that Everett could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice

3